UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EKATERINA RYCHKOVA,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-09544-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAING ORDER AS MOOT

(Doc. Nos. 1, 2)

On November 18, 2026, petitioner Ekaterina Rychkova filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging her detention by United States Immigration and Customs Enforcement ("ICE").[1] (Doc. No. 1.) On the same day, petitioner also filed a motion

[1] The court notes that petitioner has failed to name the warden of the California City Detention Center, where she is held, as a respondent in this action. "The proper respondent for a habeas petition is the petitioner's immediate custodian or warden of the detention facility. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). Under Federal Rule of Civil Procedure 21, the [c]ourt may, 'on its own,' and 'on just terms, add . . . a party.'" *Burgos Martinez v. Nw. Immigr. & Customs Enf't Processing Ctr.*, No. C26-0231-KKE, 2026 WL 1224085, at *1 n.1 (W.D. Wash. May 5, 2026) (quoting Fed. R. Civ. P. 21). Here, petitioner "clearly challenges h[er] detention at and seeks release from" California City Detention Center. *Id.* Noting that the government did not oppose the pending petition on this ground, the court directs the Clerk to add Christopher Chestnut, warden of the California City Detention Center as a respondent to this action pursuant to Rule 21. *See id.* (citing cases).

for temporary restraining order. (Doc. No. 2.)

On November 18, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6) In that order, the court directed that if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On November 20, 2026, respondents filed their response to the motion for temporary restraining order. (Doc. No. 9.) Therein, they concede "that the present record does not establish a material distinction from the cases identified in the [c]ourt's minute order." (*Id.* at 1.) Respondents also request that the court rule on the merits of the underlying petition based upon the present briefing. (*Id.* at 2.) On November 22, petitioner filed a reply.

Based on the submissions of the parties, the court finds as follows. Petitioner entered the United States on June 14, 2021 with a valid B-2 nonimmigrant visa, that status expired on December 13, 2021, petitioner filed a currently-pending asylum application on December 14, 2021, filed for a work permit on May 23, 2022, it was approved on August 17, 2022, and it expired on August 12, 2024. (Doc. No. 9-1 at 2–3.) Petitioner filed for another work permit on May 31, 2024, which was approved June 18, 2024, and expires on June 5, 2029. (*Id.*) Petitioner alleges that on November 15, 2026, immigration authorities arrested and detained her without providing any justification, despite United States Customs and Immigration Services issuing a notice of receipt and indicating that petitioner was authorized to be in the United States during the pendency of her asylum application. (Doc. No. 2 at 3.).

The court finds persuasive the analysis of the district court in *Kharitonova v. Albarran*, No. 3:26-cv-01362-JSC, 2026 WL 531441 (N.D. Cal. Feb. 25, 2026). There, as here, the petitioner entered the United States on a nonimmigrant visa and subsequently applied for asylum. Thus, immigration officials were aware of the petitioner's presence, initially approved of that presence, and when the status expired, did not promptly detain the petitioner based on that

expiration of status. *Id.* at *1. In *Kharitonova*, the court found that the petitioner had a protected liberty interest because, "[a]lthough the government did not detain and then release her, it made a decision *not* to detain her in the first place; Petitioner thus has the same liberty interest in her continued freedom as an individual initially detained." *Id.* at *2; *see also Prior v. Andrews, et al.*, No. 1:25-cv-01131-JLT-EPG (HC), 2026 WL 698801, at *3 (E.D. Cal. Mar. 12, 2026) ("Petitioner developed a liberty interest in remaining out of custody following ICE's decision not to detain him for the past five years, despite being aware of his deportable convictions as early as February 24, 2020, when the Notice to Appear was issued."). This analysis aligns with the Supreme Court's original reasoning for finding that parolees have a protected liberty interest. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). There, as here, the release (or decision not to detain) is "based on an evaluation[,]" allows for "a relatively normal life[,]" and as a result the parolee or petitioner "relied on at least an implicit promise" that the parole or decision not to detain will be revoked only if he fails to live up to the applicable "conditions." *Id.*

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Ekaterina Rychkova, A-File No. 240-002-637, from custody;
    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting her *habeas* relief;
3. The Clerk of the Court is directed to add the Warden of the California City Detention Facility as a respondent in this case;

4. The Clerk of the Court is also directed to serve a copy of this order on the California City Detention Center; and

5. Finally, the Clerk of the Court is directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 24, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE